IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　　:
　　　　　　　　　　　　　　　　　　:　　CRIMINAL ACTION
　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　NO. 06-CR-690-5
　　　　　　　　　　　　　　　　　　:
VUTHA KAO　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:

## MEMORANDUM AND ORDER

JOYNER, J.　　　　　　　　　　　　　　　　　　September　19, 2013

　　　The case of Defendant Vutha Kao is once again before the Court for resolution of Defendant's Request for a Certificate of Appealability. For the reasons set forth below, the request shall be denied.

### History of the Case

　　　In December, 2007, Mr. Kao was convicted for (1) his participation in a conspiracy to distribute MDMA ("ecstasy"); (2) possession of MDMA with intent to distribute; (3) possession of a firearm by a convicted felon; and (4) possession of a firearm in furtherance of a drug trafficking offense. The charges brought against Mr. Kao came about after a Pennsylvania State Trooper stopped the SUV which Kao was driving for speeding. It was during the course of this stop and while asking some routine questions that the Trooper noticed the muzzle of a firearm protruding from the space beneath the passenger seat where Kao's

co-defendant Jeremy Warren, had been sitting. After removing Kao and Warren from the vehicle and placing them under arrest, the Trooper obtained and executed a search warrant for the vehicle which subsequently yielded the firearm, ammunition and a box containing a large amount of pills. The pills, some 45,000 of them, were later determined to be ecstasy with an estimated street value of nearly $1 million.

Further investigation revealed that Kao and Warren had been hired by co-defendants Minh La and Roberck Suon to transport the drugs from Philadelphia to Atlanta and that in furtherance of their employment, La and Suon had given Warren and Kao the firearm found during the stop. This weapon was later inspected by an ATF expert who found that it fit the definition of a "short-barreled rifle" in violation of 18 U.S.C. § 922 insofar as it had been originally manufactured as a carbine rifle but was later modified by removal of the butt stock and cutting down the barrel such that its overall length was less than 26 inches and thereby more easily concealed.

Prior to trial, Defendants moved to suppress evidence regarding the machine gun, arguing that it did not meet the statutory requirements of 18 U.S.C. § 924(c)(1). Defendants also claimed that the gun's presence in the car was not used towards the commission of a crime but rather that they were transporting the gun for Suon in order to get it fixed. These motions were

denied, Defendants were convicted and Kao was sentenced to 360 months in prison.

Defendants thereafter appealed their cases, which had been consolidated. In addition to contending that this Court erred in denying their motions to suppress the gun evidence, Defendants argued that the District Court should not have admitted testimony from cooperating witnesses that the Defendants had owed them money from a prior consignment of ecstasy pills. Lastly, Defendants asserted that their sentences did not reflect their minor roles in the drug trafficking organization and should be reduced. These arguments were rejected by the Third Circuit and the judgments of the District Court were affirmed on January 14, 2010.

Thereafter, on August 1, 2012, Defendant Kao, proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence. In this motion, Defendant Kao claimed that (1) he received ineffective assistance of counsel; and (2) that his sentence was erroneously enhanced utilizing a prior conviction that does not exceed 1 year. Specifically, Kao claimed that his counsel, Thomas Bellwoar, negligently failed to maintain adequate communication with him in that he failed to notify him that the direct appeal of his conviction had been rejected nearly two years earlier. As such, Defendant missed the one-year period during which he could file for collateral relief.

In reliance on these assertions, Kao sought equitable tolling of the one year limitations period set forth in 28 U.S.C. § 2255(f). In addition, Kao also claims that Mr. Bellwoar was ineffective for failing to argue that the Government did not prove, beyond a reasonable doubt, that Defendant was in violation of 18 U.S.C. § 924(c)(1) and thus his conviction for this offense should be overturned.

In response, the Government moved to dismiss the motion to vacate, set aside or correct for the reason that it was untimely filed and Defendant had failed to demonstrate the due diligence requisite to invoking the doctrine of equitable tolling. We agreed with the Government's argument and, via Order dated April 4, 2013, granted the motion to dismiss Kao's § 2255 motion. We write now in response to the Court of Appeals' remand for the purpose of either issuing a Certificate of Appealability or giving the reasons for a refusal to do so and in answer to Defendant's Request for a Certificate of Appealability (ECF. No. 435).

## Discussion

Under 28 U.S.C. § 2253(a), "[i]n a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court

of appeals for the circuit in which the proceeding is held."
That having been said, however, while a final order may be
"subject to review,"

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may **not** be taken to the court of appeals from -
>
> (A) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(emphasis added).

And,

> A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2).

The Supreme Court has noted that the showing required to satisfy the foregoing § 2253(c)(2) requirement differs depending upon whether the district court has rejected the constitutional claims on the merits or on procedural grounds. See, Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. On the other hand,

> "[w]hen the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Id. Under this standard, courts are called upon to engage in a 'threshold inquiry' into a defendant's constitutional claims. See, United States v. Massara, Nos. 04-3856, 05-1562, 2006 U.S. App. LEXIS 8738 at *10, 174 Fed. Appx. 703, 707 (3d Cir. April 10, 2006) citing Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, id. Rather, it requires only an overview of the claims in the habeas petition and a general assessment of their merits. Id. But, "a prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." Miller-El, 537 U.S. at 338, 123 S. Ct. at 1040 (quoting Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)); Pabon v. Superintendent, S.C.I. Mahanoy, 654 F.3d 385, 393 (3d Cir. 2011).

Applying these principles to the matter at hand, we do not

6

find that Kao has made the requisite showing to entitle him to the issuance of a certificate of appealability, *i.e.*, we cannot find that jurists of reason would find it debatable that Kao's petition sufficiently demonstrates the denial of a constitutional right or that we were incorrect in granting the government's motion to dismiss his § 2255 petition. Indeed, to qualify for equitable tolling of the one-year limitations period, Defendant bears the burden of showing that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." Perry v. DiGuglielmo, No. 04-3981, 2006 U.S. App. LEXIS 5315 at *7, 169 Fed. Appx. 134, 137 (3d Cir. March 2, 2006).

For one, among the grounds asserted by Kao as justification for extending his time to file, are his attorney's failure to communicate with him throughout the course of his representation and his failure to notify him that his judgment of conviction had been affirmed. The test for ineffectiveness under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) requires a two-pronged showing that counsel's performance was deficient *and* that this deficient performance prejudiced the defense. Id., 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, the defendant must further "show that there is a reasonable probability that, but for counsel's unprofessional

7

errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Saranchak v. Beard, 616 F.3d 292, 301 (3d Cir. 2010). While the materials submitted by Defendant here reflect negligence on the part of Attorney Bellwoar in staying in touch with his client while his direct appeal was pending before the Third Circuit, we find no evidence nor does Kao explain how his counsel's performance was deficient during the course of the trial of this matter or how the result of his trial proceedings would have been different had Bellwoar acted in an otherwise manner. As a result, we cannot find that Defendant's petition has stated a valid claim for violation of a constitutional right (*i.e.* the 6th Amendment right to effective assistance of counsel) nor do we believe that other "jurists of reason" would differ with our conclusion.

Furthermore, to avail himself of the doctrine of equitable tolling of the one-year limitations period, Kao must demonstrate that "he diligently pursued his rights and that some extraordinary circumstance stood in his way," such that "the principle of equity would make the rigid application of a limitation period unfair." Perry, 169 Fed. Appx. at 137 (quoting, *inter alia*, Satterfield v. Johnson, 434 F.3d 185 (3d Cir. 2006) and Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)).

Here, as the attachments to Defendant's § 2255 motion evince, Defendant timely filed a notice of appeal in the District Court on September 10, 2008, which was then docketed in the Court of Appeals on September 18, 2008. Two years later, in mid-September, 2010, Defendant sent a letter to Attorney Bellwoar asking that he supplement his appeal brief with case references to U.S. v. Abbott, 574 F.3d 203 (2009) and U.S. v. Gould. Apparently hearing nothing in response, over one year later on December 5, 2011, Kao sent a letter to the Clerk of the U.S. Court of Appeals for the Third Circuit explaining that he had not had any contact from his lawyer and requesting that it accept a Supplemental Brief which he had prepared. In response to this, the Third Circuit sent Defendant a letter dated December 12, 2011 informing him that it could not accept his filing because his judgment had been affirmed on January 14, 2010 and the mandate issued on February 5, 2010. Defendant then sent his counsel a letter on December 20, 2011 asking why he had not been informed of the disposition of his appeal and expressing frustration with his attorney's apparent disregard of his repeated requests for information. In response, Attorney Bellwoar sent a four-sentence letter dated January 5, 2012 explaining that he "could have sworn" he had sent Kao a copy of the Third Circuit's judgment

"over a year ago, but I cannot locate a copy of a letter in my file." Apologizing for his oversight, Mr. Bellwoar offered Mr. Kao his "best regards." This was evidently the last contact between Kao and Bellwoar.

We of course agree with Defendant that his attorney was less than professional in his communications (or lack thereof) with his client. That having been said, however, it is also clear from the face of Kao's December 20, 2011 letter to Bellwoar that Kao was well aware that he was then "far beyond the one year limitation for timely filing a § 2255 motion," and that this was "due to [Bellwoar's] not notifying [him] of the disposition of [his] appeals proceedings." However, despite this knowledge, Kao did not file his § 2255 motion for another eight months--until August 1, 2012. Such action does not, in this Court's opinion, reflect diligence on the part of this defendant. And, given that we cannot conceive that *any* jurist of reason would debate the correctness of this conclusion either, we respectfully decline the invitation to issue a certificate of appealability for our Order of April 4, 2013.

## Conclusion

For all of the reasons set forth above, the defendant's Request for a Certificate of Appealability Pursuant to 28 U.S.C.

§ 2253(c)(2) is denied.

An order follows.